Graham, Judge,
delivered the opinion of the court:
This case grows out of the construction of the battleship Rhode Island. The claim is for damages by reason of changes made in plans and specifications and delay by the Government in supplying armor and ordnance as required by the contract.
The contract originally was entered into with the Fore River Ship & Engine Co. on February 15, 1901. After the battleship was 69 per cent completed, based on money value of the material in the vessel, all the property of the contractor was sold on a foreclosure sale and bought in by Henry Endicott, jr., who in turn conveyed the same on September I, 1904, to the plaintiff, and, on September 13, 1904, plaintiff entered into a contract with the United States (reciting the said foreclosure sale and sale to the plaintiff by Endicott), to proceed with and complete the construction of said battleship under the terms of the original contract, plans, and specifications, entered into with the Fore River Ship & Engine Co. Thereafter the plaintiff proceeded with the construction of the ship, which had been launched May 17, 1904, and delivered it completed to the Navy Department February 12, 1906.
The original petition in this case was filed August 6, 1908. An amended petition was filed December 1,1909, and another amended petition was filed March 7, 1911. A demurrer to this petition was filed, which was sustained and- the plaintiff allowed to amend. On July 21, 1915, the plaintiff filed an amended petition, to which a demurrer was interposed and sustained as to certain portions thereof. The court, by its order of October 30, 1916, held that there could *317 be no recovery under plaintiff’s contract of September 13, 1904, on items which were claimed as payable under that contract but which had originated in transactions between the United States and the original contractor prior to September 13, 1904. This view of the case by the court still obtained at the final hearing of the case. The plaintiff’s claims for damages are therefore limited to transactions and dealings occurring between the plaintiff and the Government after the date of the contract, September 13, 1904.
In its original petition plaintiff asserted only a claim for damages due to delays by reason of changes in plans and specifications, and only thereafter, in its amended petition, included the claim for damages for delays caused otherwise. The court has found that it was not possible at the time of the filing of the original petition for the plaintiff to ascertain the latter damages.
The price for the construction of the vessel under the contract of February 15, 1901, was $3,405,000, payable in 30 equal installments as the work progressed, with a reservation of 10 per cent for each installment. Payment of the last three installments and of the reservations was to be made upon preliminary acceptance of the vessel after trial, subject to a special reserve of 70 per cent until final acceptance of the vessel, these reservations being for the purpose of covering possible deductions on account of failure to meet speed requirements.
Prior to September 13, 1904, several extensions of time had been granted, the last of which carried forward the date for completion to June 27, 1905, and on June 23, 1905, at the request of the plaintiff, the time for completing the vessel was extended to December 27, 1905. On February 16, 1906, the Navy Department preliminarily accepted the vessel as of February 12, 1906, and extended the time for completion to the latter date. The reason for this latter extension does not appear.
The contract in this case in its general provisions is identical with the contract which was the subject of suit in the case of Moran Bros. Co. v. United States, No. 30498, decided by this court August 14, 1925, 61 C. Cls. 73. That case involved the same questions raised here as to the plaintiff’s *318 right to recover damages caused by changes in plans and delays in furnishing armor and ordnance which the Government agreed to furnish under the contract, and which plaintiff had to put in place after they were supplied. The court held in that case that under the provisions of the contract the United States was not liable for damages growing out of delays due to changes in the plans and specifications, and this disposes of the plaintiff’s claim in this case for damages from the same cause. The court further held in the Moran case that the Government was liable for damages sustained by the plaintiff on account of delay by the United States in supplying in proper time armor and other things agreed to be furnished. The applicable principles and authorities were so fully and clearly discussed in the opinion in that case as to make further discussion unnecessary.
The question has been raised in this case as to how far the provisions of the original contract with regard to the period of completion and extensions affected the time of completion under the contract of September 13, 1904. The contract of September 13, 1904, contained the following provision:
“ Now, therefore, in consideration of the premises and of the agreement of the Secretary of the Navy, as shown by his signature to this indenture, to pay to the Fore River Shipbuilding Company the payments becoming due subsequent to September 7, 1904, on the construction of the battleship Rhode Island and under the terms of the contract for the same, the Fore River Shipbuilding Company do hereby contract and agree, for itself, its successors, and assigns, to proceed with the construction of the battleship Rhode Island and complete the same in all respects in accordance with the terms of the contract, plans, and specifications as entered into between the Fore River Ship & Engine Company and the Navy Department under date of February 15, 1901.”
It is plain from this provision and all the circumstañces surrounding the parties at the time that the plaintiff stepped into the shoes of the original contractor, as far as the provisions of the contract referring to time of completion and extensions are concerned, and also as far as extensions already granted, and the right to ask further extensions .are concerned, and the right to claim damages for delays subse *319 quent to September 13, 1904, due to the failure of the Government to supply armor and ordnance in proper time. In that contract it was agreed that the plaintiff should proceed with the construction of the battleship and complete the same in “ all respects in accordancé wih the terms of the contract, plans and specifications ” entered into with the original contractor. The language of the contract seems to leave no room for argument.
As stated, under the authority of the Moran Bros. Co. case, supra, the plaintiff is entitled to recover such proper damages as it has proved were due to delays of the Government in furnishing armor plate and ordnance. The court has found (Finding XYI) that the damage thus caused amounted to $34,073.41, and in this sum the plaintiff should have a recovery. Judgment should be entered for this amount, and it is so ordered.
Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.